UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

LAKE CHARLES DIVISION

| | |
|---|---|
| JOHN MICHAEL KNOWLTON | CIVIL ACTION NO. 09-1068 |
| VS. | SECTION P |
| OFFICE OF DISTRICT ATTORNEY, ET AL. | JUDGE MELANÇON |
| | MAGISTRATE JUDGE  METHVIN |

### REPORT AND RECOMMENDATION

Before the court is *pro se* plaintiff John Michael Knowlton's civil rights suit (42 U.S.C. §1983) filed *in forma pauperis* on June 22, 2009.  Plaintiff is a pre-trial detainee currently incarcerated at Beauregard Parish  Jail (BPJ)in DeRidder, Louisiana.  He names as defendants District Attorney (DA) David Burton, Assistant District Attorneys (ADA's) Richard Morton and Richard F. Blankenship, Judge Martha O'neal, Office of Community Services (OCS) employee Allison Meisner, and Beauregard Parish Sheriff's Office investigators Janet Beebe and Jenne Faciane.

This matter has been referred to the undersigned for review, report, and recommendation in accordance with the provisions of 28 U.S.C. § 636 and the standing orders of this court.

### STATEMENT OF THE CASE

Plaintiff states that on September 19, 2008, he voluntarily drove to the Sheriff's office to answer questions.  Once there, he was taken to defendant Faciane's office. Defendant Meisner was in the office and allegedly told plaintiff that she knew that he was guilty. Meisner left the room and defendant Beebe came in to question plaintiff.  At this point, plaintiff reminded Beebe that when he was previously arrested in 2006, Beebe told him that he would go to jail if he did

not confess to something.  Plaintiff states that the 2006 arrest was on bogus charges of child molestation and that he was released on bond. He further states that he did not hear anything more from the DA's office or the Sheriff's office until the complained about 2008 incident. Once reminded about the 2006 statement, plaintiff claims that Beebe got red in the face and told him that she was not going to sit there and be called and liar, and that he was going to prison whether or not he was guilty.

Plaintiff states that during custody proceedings his parental rights were taken away before he was proven guilty of anything.  He also states that defendant O'Neal should not have been the judge in the custody proceedings because she is married to his court-appointed trial attorney.  He claims that everyone involved falsified documents because they are mad at him because he insinuated that defendant Beebe lied to him.  Plaintiff states that Beebe is the person that started all of this against him.

As a result of the above, plaintiff seeks restitution for losing everything, including his family as well as for the time that he has been in jail.  Plaintiff also asks the court to investigate the DeRidder judicial system and for a change of venue.

## LAW AND ANALYSIS

### Frivolity Review

When a prisoner is allowed to litigate a civil rights complaint *in forma pauperis,* the district court is obliged to dismiss the case at any time if it determines that the complaint is frivolous, malicious, fails to state a claim on which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C.A. § 1915(e)(2)(B); 28 U.S.C.A. § 1915A (stating that when a prisoner seeks redress from a governmental entity or one

of its employees, the court shall review the complaint as soon as practicable and dismiss it if the court finds the complaint frivolous, malicious, fails to state a claim on which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief); 42 U.S.C.A. § 1997e(c) (providing that a district court shall on its own motion or the motion of any party dismiss a complaint by a prisoner regarding prison conditions if the court is satisfied the complaint is frivolous, malicious, falls to state a claim upon which relief may be granted, or seeks monetary relief from an immune defendant). A hearing need not be conducted for every *pro se* complaint. *Wilson v. Barrientos*, 926 F.2d 480, 483 n. 4 (5th Cir.1991). A district court may dismiss a prisoner's civil rights complaint as frivolous based upon the complaint and exhibits alone. *Green v. McKaskle*, 788 F.2d 1116, 1120 (5th Cir.1986).

A claim is frivolous if it has no arguable basis in law or fact. *Nietzke v. Williams*, 490 U.S. 319, 109 S.Ct. 1827, 104 L.Ed.2d 338 (1989). A claim has no arguable basis in law if it is based on an indisputably meritless legal theory, "such as if the complaint alleges the violation of a legal interest which clearly does not exist." *Davis v. Scott*, 157 F.3d 1003, 1005 (5th Cir.1998) (quotation omitted). While district courts are required to construe *in forma pauperis* complaints liberally, particularly in the context of dismissals under § 1915(e)(2)(B), they are, nonetheless, given broad discretion in determining when such complaints are frivolous. *Macias v. Raul A. (Unknown) Badge No. 153*, 23 F.3d 94, 97 (5th Cir.1994). A complaint may not be dismissed under § 1915(d)(2)(B) "simply because the court finds the plaintiff's allegations unlikely." *Jolly v. Klein*, 923 F.Supp. 931, 942-43 (S.D.Tex.1996). A civil rights plaintiff must support his claim(s) with specific facts demonstrating a constitutional deprivation and may not simply rely on conclusory allegations. *Schultea v. Wood*, 47 F.3d 1427, 1433 (5th Cir.1995). See *Wesson v.*

4

*Ogleby*, 910 F.2d 278, 281 (5th Cir.1990) ("An *IFP* complaint that recites bare legal conclusions, with no suggestion of supporting facts, or that postulates facts of an entirely fanciful nature, is a prime candidate for dismissal under [§ 1915(d)(2)(B) ]."). Nevertheless, a district court is bound by the allegations in a plaintiff's complaint and is "not free to speculate that the plaintiff 'might' be able to state a claim if given yet another opportunity to add more facts to the complaint." *Macias v. Raul A. (Unknown) Badge No. 153*, 23 F.3d at 97.

Plaintiff's complaint sufficiently establishes his theories of liability with respect to the named defendants, and the court is convinced that plaintiff has presented the best case which could be presented by him under the circumstances, and that further amendment of the pleadings would serve no useful purpose. Accepting all of plaintiff's allegations as true and giving plaintiff the benefit of every doubt, the court concludes, for the reasons stated hereinafter, that he has failed to state a claim for which relief may be granted and accordingly recommends dismissal of the complaint as his claims are frivolous as a matter of law, and that his complaint should be dismissed with prejudice.

**42 U.S.C. §1983**

Section 1983 proscribes conduct by any person who, under the color of state law, acts to deprive another person of any right, privilege, or immunity secured by the Constitution and laws of the United States. 42 U.S.C. §1983. Thus, an initial inquiry in a lawsuit filed under §1983 is whether plaintiff has alleged that his constitutional rights have been violated. If no constitutional violation has been alleged, there is no cognizable claim under §1983. In order to hold the defendants liable under 42 U.S.C. §1983, the plaintiff must allege facts to show (1) that a constitutional right has been violated, (2) that the conduct complained of was committed by a

5

person acting under color of state law, that is, that the defendant was a state actor, and (3) causation. See, *Doe v. Rains County Indep. Sch. Dist.*, 66 F.3d 1402, 1409 (5th Cir. 1995). See also, *Hessbrook v. Lennon*, 777 F.2d. 999, 1005 (5th Cir. 1985); *Parratt v. Taylor*, 451 U.S. 527, 535, 101 S.Ct. 1908, 68 L.Ed. 2d 420 (1981), rev'd on other grounds, *Daniels v. Williams,* 474 U.S. 327, 330-31, 106 S.Ct. 662, 88 L.Ed. 2d 662 (1986); *Augustine v. Doe*, 740 F.2d 322, 324-25 (5th Cir. 1984).

**Immunity**

Paintiff's claims against Judge O'Neal are barred by immunity. Judges have absolute immunity for acts done within the scope of their jurisdiction. *Stump v. Sparkman*, 435 U.S. 349, 356, 98 S.Ct. 1099, 55 L.Ed.2d 331 (1978). The Fifth Circuit has delineated three elements to identify acts as being judicial in nature, and thus not in the clear absence of all jurisdiction: "(1) normal judicial functions that (2) occurred in the judge's court or chambers and were (3) centered around a case pending before the judge." *Eitel v. Holland*, 787 F.2d 995, 998 (5th Cir.1986). These factors are construed liberally in favor of immunity. *Adams v. McIlhany*, 764 F.2d 294, 297 (5th Cir.1985). Even liberally construing plaintiff's complaint, none of plaintiff's allegations demonstrate that any of the judge's actions occurred outside of her chambers or the court, or that the actions did not arise out of the performance of her judicial duties. Thus, according to *Eitel*, the judge's actions were within her jurisdiction and she enjoys absolute immunity from plaintiff's claims.

Likewise, plaintiff's claims against District Attorney Burton and Assistant District Attorneys Morton and Blankenship must fail as such individuals enjoy an absolute immunity from suit. "[A]cts undertaken by the prosecutor in preparing for the initiation of judicial

6

proceedings or for trial, and which occur in the course of his role as an advocate for the State, are entitled to the protections of absolute immunity." *Boyd v. Biggers* 31 F.3d 279, 285 (5th Cir. 1994); *Imbler v. Pachtman,* 424 U.S. 409, 96 S.Ct. 984, 995, 47 L.Ed.2d 128 (1976)(Prosecutors enjoy absolute immunity for activities "intimately associated with the judicial phase of the criminal process."); *see also Mowbray v. Cameron County, Tex*., 274 F.3d 269, 276 (5th Cir. 2001).

"A prosecutor's absolute immunity will not be stripped because of action that was in error, was done maliciously, or was in excess of his authority; rather, he will be subject to liability only when he has acted in the clear absence of all jurisdiction." *Kerr v. Lyford*, 171 F.3d 330, 337 (5th Cir.1999) (internal quotation and citation omitted). Plaintiff's claims against the DA and ADA herein clearly revolve around the prosecution of the claims against plaintiff, which conduct is precisely the type of action protected by the absolute immunity umbrella afforded prosecutors. See, *Imbler*, at 431.

### *Heck v. Humphrey* Considerations

Plaintiff's claims against Defendants Meisner, Beebe, and Faciane are precluded under the doctrine of *Heck v. Humphrey*, 512 U.S. 477, 114 S.Ct. 2364, 129 L.Ed.2d 383 (1994). In *Heck*, the Supreme Court held:

> ... in order to recover damages for allegedly unconstitutional conviction or imprisonment or other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a §1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such a determination, or called into question by a federal court's issuance of writ of *habeas corpus*, 28 U.S.C. § 2254....

Thus, when a state prisoner seeks damages in a §1983 suit, the district court must consider whether a judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction or sentence; if it would, the complaint must be dismissed unless the plaintiff can demonstrate that the conviction or sentence has already been invalidated. *Heck*, at 486-487.

In essence, *Heck* prohibits the use of §1983 complaints as a means of collaterally attacking outstanding state convictions. In *Guillory v. Wheeler*, 303 F.Supp.2d 808 (M.D.La. 2/6/2004), the court discussed the applicability of *Heck* to a pending criminal prosecution:

> Technically, *Heck* does not apply because the plaintiff has not been convicted, sentenced or imprisoned. Nonetheless, applying the *Heck* rationale to a pending conviction makes good sense as the court in [*Smith v. Holtz*, 87 F.3d 108, 113 (3rd Cir.1996)] explained, 'The Supreme Court in *Heck* balanced the principles and interests of section 1983 claims and the federal *habeas corpus* statute by holding that a section 1983 action is not the appropriate vehicle for challenging the validity of convictions and sentences. The express objectives of the Court's holding were to preserve consistency and finality, and to prevent a collateral attack on a conviction through a civil suit.' *Smith*, 87 F.3d at 113 (internal citations omitted). The *Smith* court then found that 'these concerns apply equally to claims that, if successful, would necessarily imply the invalidity of a future conviction on a pending criminal charge.' *Id.* The court reasoned that if a civil action by a defendant in an ongoing criminal prosecution could proceed, there would be a potential for inconsistent determinations in the civil and criminal cases, and the criminal defendant would be able to collaterally attack the prosecution in a civil suit. 'In terms of the conflict which *Heck* sought to avoid, there is no difference between a conviction which is outstanding at the time the civil rights action is instituted and a potential conviction on a pending charge that may be entered at some point thereafter.' *Id.* Because of these concerns, the court held that 'a claim that, if successful, would necessarily imply the invalidity of a conviction on a pending criminal charge is not cognizable under section 1983.' *Id.*
>
> The thrust of *Heck* is to bar civil actions which, if decided favorably to the plaintiff, would necessarily imply the invalidity of the prior conviction or sentence. When the section 1983 plaintiff has not yet been tried or convicted, then a favorable determination in the civil action would necessarily imply the invalidity of a subsequent conviction, and the *Heck* rationale should be applied. The *Heck* rationale bars a criminal defendant from seeking in a section 1983 case a determination of the alleged unlawfulness of actions which would render not only a prior conviction, but also a subsequent conviction invalid.

>   Furthermore, prohibiting the plaintiff from proceeding with his section 1983
>   claims prior to the resolution of the pending criminal charge prevents the plaintiff
>   from obtaining through discovery in the civil action information he could not
>   obtain in the criminal case. For example, if this case were to proceed and the
>   plaintiff conducted discovery, he could serve interrogatories and document
>   requests on the defendants and take their depositions. No doubt those discovery
>   devices would be used to uncover information which would likely be relevant and
>   admissible in evidence at the criminal trial. However, such discovery devices are
>   not available to the plaintiff as a defendant in the criminal case. *Guillory v.
>   Wheeler*, 303 F.Supp.2d at 810.

In the instant case, the plaintiff seeks monetary damages and contends that he is actually innocent of the charges that are pending against him. Under such circumstances, it is absolutely clear that his success in this suit would necessarily implicate the validity of the pending charges.

Thus, the undersigned concludes that the instant claims in this regard against defendants Meisner, Beebe, and Faciane should be dismissed with prejudice to their being asserted again until the pending criminal case has run its course.

### Injunctive Relief

Finally, in regard to plaintiff's request for a change of venue and for the court to investigate the DeRidder judicial system and for a change of venue, the undersigned notes that such relief is not available through this complaint. The Court's duty is to review the plaintiff's compliant for alleged violations of his constitutional rights. Moreover, to the extent that plaintiff asks this Court to intervene in an ongoing state criminal proceeding by forcing a change of venue and an investigation, his claims for injunctive relief fail. Under the well-established doctrine set out in *Younger v. Harris*, 401 U.S. 37, 43-45 (1971), federal courts cannot interfere in state criminal proceedings unless extraordinary circumstances are present. This doctrine, which is alternately called "abstention or nonintervention," is based on considerations of equity, comity, and federalism. *DeSpain v. Johnston*, 731 F.2d 1171, 1175-76 (5th Cir.1984). Liberally construed,

plaintiff presents only vague, speculative allegations that he will be prejudiced if he is not granted a "change of venue." He has failed to demonstrate that extraordinary circumstances are present to warrant federal intervention in this instance. Accordingly, these claims are without an arguable basis in law and must be dismissed. Thus, plaintiff has again failed to state a claim for which relief may be granted.

Therefore,

**IT IS RECOMMENDED** that plaintiff's civil rights claims against Judge O'neal, District Attorney Burton, and Assistant District Attorneys Morton and Blankenship be **DISMISSED WITH PREJUDICE** as frivolous and for failing to state a claim on which relief may be granted in accordance with the provisions of 28 U.S.C. § 1915(e)(2)(B)(i) and (ii).

**IT IS FURTHER RECOMMENDED** that plaintiff's civil rights claims against defendants Meisner, Beebe, and Faciane should be **DISMISSED WITHOUT PREJUDICE** until the pending criminal case has run its course.

**IT IS FINALLY RECOMMENDED** that plaintiff's claims for injunctive relief be **DISMISSED WITH PREJUDICE** as frivolous and for failing to state a claim on which relief may be granted in accordance with the provisions of 28 U.S.C. § 1915(e)(2)(B)(i) and (ii).

Under the provisions of 28 U.S.C. §636(b)(1)(C) and Fed.R.Civ.Proc. 72(b), parties aggrieved by this recommendation have ten (10) business days from service of this report and recommendation to file specific, written objections with the clerk of court. A party may respond to another party's objections within ten (10) days after being served with a copy thereof.

**Failure to file written objections to the proposed factual finding and/or the proposed legal conclusions reflected in this Report and Recommendation within ten (10) days following the date of its service, or within the time frame authorized by Fed.R.Civ.P. 6(b),**

10

**shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the District Court, except upon grounds of plain error. See** *Douglas v. United Services Automobile Association,* **79 F.3d 1415 (5th Cir. 1996).**

Signed at Lafayette, Louisiana, on October 30, 2009.

Mildred E. Methvin
United States Magistrate Judge
800 Lafayette St., Suite 3500
Lafayette, Louisiana 70501
(337) 593-5140 (phone) 593-5155 (fax)